THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION
Civil Case No. 09-cv-964

| | |
|---|---|
| DARYL KIRBY, )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>DOMINION LAW ASSOCIATES, a )<br>division of PENDER COWARD; )<br>ARROW FINANCIAL SERVICES, LLC )<br>**Defendants.** ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692 *et seq*. which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).

The Plaintiff, Daryl Kirby, by and through his undersigned attorney, sues the Defendants, Dominion Law Associates, a division of Pender Coward (hereinafter "Defendant Dominion"), and Arrow Financial Services, LLC (hereinafter "Defendant Arrow") and alleges and says as follows:

1

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the FDCPA in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5. Plaintiff Daryl Kirby is a natural person who resides in the City of Cameron, County of Lee, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as defined in 15 U.S.C. § 1692a(3).

6. Defendant Dominion is, upon information and belief, a debt collection law firm operating from an office with a principal address of 222 Central Park Avenue, Virginia Beach, VA 23462.

7. Defendant Dominion is a division of Pender and Coward, PC.

8. Defendant Dominion is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

9. Defendant Dominion regularly attempts to collect consumer debts alleged to be due to another.

10. Defendant Dominion was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

11. Upon information and belief, Defendant Arrow Financial Services, LLC is a corporation organized under the laws of the State of Delaware with its principal office located at 5996 W. Touhy Avenue, Niles, Illinois, 60714.

12. Defendant Arrow may be served with service of process in care of its registered agent, CT Corporation System, 150 Fayetteville St. Box 1011, Raleigh, NC 27601.

13. Defendant Arrow is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

14. Defendant Arrow regularly attempts to collect consumer debts alleged to be due to another.

15. Defendant Arrow purchases defaulted debt.

16. Defendant Arrow was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

17. Defendant Arrow's status as a debt collector renders Defendant Arrow liable for Defendant Dominion's and its employees' violations of the FDCPA.

## FACTUAL ALLEGATIONS

18. Plaintiff is a consumer or other person as that term is defined in 15 U.S.C. § 1692 a(3).

19. Defendants filed a debt collection lawsuit against Plaintiff in Lee County District Court on December 1, 2008.

20. The alleged account, which is disputed by Plaintiff, arose from a GE Money Bank account and the purchases were made for personal, family, or household purposes.

21. The alleged account is a "debt" as that term is defined by 15 U.S.C. § 1692 a(5).

22. On or about May 6, 2009, Plaintiff, by and through his attorney, filed a Motion for leave to amend his Answer in the Lee County District Court case.

23. The Motion was served on Defendant Dominion pursuant to N.C. R. Civ. P. 5 on May 6, 2009.

24. On May 21, 2009, Defendant Dominion, through its agent or employee, Attorney Clayton Krohn, filed a Motion for Summary Judgment in the state court action and served it directly on the Plaintiff despite the fact that he had legal representation.

25. The above-referenced Motion sent to Plaintiff included a cover letter signed by Defendant Dominion's "North Carolina Docket Coordinator", Lindsey Waggoner.

26. Ms. Waggoner's cover letter, a copy of which is attached hereto as Exhibit 1, did not include the statutory notification required by § 1692e(11).

27. On June 1, 2009, the undersigned appeared in Lee County District Court for a hearing on the motions and Defendant Dominion was present and represented by Attorney Clayton Krohn.

28. On or about September 9, 2009, despite having direct knowledge that the undersigned counsel represented Plaintiff in the state court action, Defendant Dominion sent another letter directly to Plaintiff containing a voluntary dismissal of the state court action.

*Respondeat Superior Liability*

29. The acts and omissions of the individual debt collector named herein, and other debt collectors employed as agents by Defendants Dominion and Arrow who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendants Dominion and Arrow.

30. The acts and omissions by the individual debt collector named herein, and other debt collectors, were incidental to, or of the same general nature as, the responsibilities these

4

agents were authorized to perform by Defendants Dominion and Arrow in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, the individual Defendants named herein and other debt collectors were motivated to benefit their principals, Defendants Dominion and Arrow.

32. Defendant Dominion is, therefore, liable to Plaintiff through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees in their attempts to collect this alleged debt from Plaintiff.

33. Defendant Arrow is, therefore, liable to Plaintiff through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection agents in their attempts to collect this alleged debt from Plaintiff.

34. Defendants' actions were in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692b(6), 1692c(a)(2) and 1692e(11).

## **TRIAL BY JURY**

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq*.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692b(6), 1692c(a)(2) and 1692e(11).

38. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each and every Defendant; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of statutory damages of $1,000.00 per violation from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(2)(A);

2. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant jointly and severally;

3. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally; and

4. award such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 16th day of December, 2009.

                                    MARTIN ATTORNEY AT LAW, PLLC

                        By: /s/ Angela O. Martin
                            Angela O. Martin, Esq.
                            NC Bar 34951
                            Attorney for Plaintiff
                            Martin Attorney at Law, PLLC
                            1911 Keller Andrews Road
                            Sanford, North Carolina  27330
                            (919) 708-7477, FAX: (888) 872-4232
                            angela@angelamartinlaw.com

Attorneys
P M Kubin*
S J Zecca*
G.H. Wills*
C B Krohn**
T C French**

# DOMINION LAW ASSOCIATES
### ATTORNEYS AT LAW
POST OFFICE BOX 62719
222 CENTRAL PARK AVENUE
VIRGINIA BEACH, VA 23462
Local:(757) 446-7540 Toll free: (800) 989-0009
Mon - Fri Hours: 8:00 am - 9:00 pm

*Licensed in Virginia
**Licensed in North Carolina

*Offices in Virginia Beach, VA and Greensboro, NC*

Darryl Kirby
3101 Pilson Rd
Cameron, North Carolina 28326-7135

RE: Notice of Motion for Summary Judgment

Dear Darryl Kirby:

Please find enclosed a copy of the Motion for Summary Judgment that has been filed in Lee County.

If you have any additional questions or concerns, please contact our office at (800) 989-0009. Thank you for your prompt attention to this matter.

Very truly yours,

Lindsey Waggoner
North Carolina Docket Coordinator

Enclosure

SJD/14-37954-0